UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DANIEL P. MILES,<br><br>Plaintiff,<br><br>v.<br><br>DICKSON COUNTY SHERIFF'S OFFICE, *et al*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:23-cv-00259<br><br>JUDGE RICHARDSON |

**ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 45, "R&R") of the Magistrate Judge, which recommends that the motion for summary judgment (Doc. No. 40, "Motion") filed by Defendants be denied as moot and the action dismissed without prejudice. (Doc. No. 45 at 7-8). No objections to the R&R have been filed, and the time for filing objections has now expired.[2]

Absent any objection to the statement of the procedural background and relevant facts (regarding the underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that statement in its entirety and includes it here for reference:

> This action was brought by the pro se Plaintiff Daniel Miles, an inmate in the custody of the Dickson County Jail in Charlotte, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Dickson County Sheriff's Office, Southern Medical Associates, Sgt. f/n/u Siddal, Lt. f/n/u Huppe, Officer f/n/u

[1] Herein, except in the quoted section of the R&R wherein the Magistrate Judge refers to both himself and the undersigned District Judge as "the Court," "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of a report and recommendation in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on August 4, 2026, and more than two months later, Plaintiff has not filed any objections.

> Hodges, Josh Beckham, Head Nurse Kim l/n/u, and Nurse Crystal l/n/u, alleging violations of Plaintiff's civil and constitutional rights. Docket No. 1. On initial review, the Court found that the Complaint stated a colorable Eighth Amendment deliberate indifference to serious medical needs claims under Section 1983 against Nurse Kim and Nurse Crystal in their individual capacities; a colorable Eighth Amendment conditions-of-confinement claim against Defendant Hodges in his individual capacity based on his role in Plaintiff's placement in a non accessible cell; and colorable Eighth Amendment excessive force claims under Section 1983 against Defendants Siddal, Huppe, Beckham, and Hodges in their individual capacities. Docket No. 9. Plaintiff's official capacity claims as well as Plaintiff's deliberate indifference to serious medical needs claims against SMA and an unidentified individual fail to state colorable claims under Section 1983. Likewise, Plaintiff's claims against Lieutenant Huppe in his individual capacity fail to state colorable claims under Section 1983. Those claims and Defendants were dismissed. *Id.* The Court entered a scheduling order in this matter including a deadline for completion of discovery and filing of dispositive motions. Docket No. 38. Pursuant to the scheduling order, the Defendant filed the instant motion for summary judgment asserting that the Complaint should be dismissed. Docket No. 40. The scheduling order in this matter provides that responses to motions for summary judgment shall be filed within 21 days of the filing of the motion. Docket No. 38. The Plaintiff did not timely respond to the Motion for Summary Judgment and as a result, the Court entered a show cause order requiring the Plaintiff to show cause by July 13, 2025, as to why his claim should not be dismissed for failure to prosecute or for the reasons set forth in the Motion for Summary Judgment. Docket No. 44. The Plaintiff was forewarned that failure to respond to the Order may lead to a recommendation that his claims be dismissed. *Id.* The Plaintiff has not responded to the show cause order or the pending motion for summary judgment.

(*Id.* at 1-2).

Ultimately, the Magistrate Judge recommended dismissal under Rule 41(b) of the Federal Rules of Civil Procedure and a corresponding denial of the Motion as moot. (*Id.* at 7-8). No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the

matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 45) is adopted and approved. Accordingly, this action is **DISMISSED** without prejudice and Defendants' Motion (Doc. No. 40) is **DENIED** as moot. The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

Eli Richardson

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE